UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS VETERAN SECURITY, LLC and GERARD X. MORALES, Individually and Jointly, <br><br> Defendants. | CIVIL ACTION NO. 5:21-cv-01155 |

COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), brings this action to enjoin Defendants Texas Veteran Security, LLC and Gerard X. Morales from violating the provisions of Sections 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees, including but not limited to employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant Texas Veteran Security LLC ("TVS") is a Texas corporation that does or did business at 1103 Two Wood Way, San Antonio, Texas and 800 De Le Rosa, Unit 115, San Antonio, Texas, within the jurisdiction of this Court.

2. Defendant Gerard X. Morales has a place of business and is doing business at TVS in San Antonio, Texas, within the jurisdiction of this Court. Defendant Morales owns and manages TVS and supervised and directed business operations. Defendant Morales acts and/or acted, directly and indirectly, in the interest of TVS in relation to employees. He oversaw day-to-day operations, hired employees, and fired employees. He also set the employees' pay rates and work schedules. He is an employer within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendant TVS has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendant TVS has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendant TVS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that its employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant TVS has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) since at least 2019.

V.

During the period since November 1, 2019, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such

employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by the Defendants from their employees.

VII.

During the period since November 1, 2019, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and 29 C.F.R. § 516, in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by many of their employees.

VIII

A judgment enjoining the alleged overtime and recordkeeping violations and restraining the withholding of overtime compensation found to be due the employees is authorized by Section 17 of the Act, 29 U.S.C. § 217.

IX.

WHEREFORE, Plaintiff prays for judgment against both Defendants as follows:

1.  For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 7 and 11(c) of the Act;

2.  For an Order pursuant to 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in

amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional unpaid overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining Defendant from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

                Respectfully Submitted,

                SEEMA NANDA
                Solicitor of Labor

                JOHN RAINWATER
                Regional Solicitor

U.S. Department of Labor         MARGARET TERRY CRANFORD
Office of the Solicitor            Counsel for Wage and Hour
525 Griffin Street, Suite 501
Dallas, Texas 75202              By:
Telephone: (972) 850-3125
edwards.karla.j@dol.gov

                *Karla Jackson Edwards*
                KARLA JACKSON EDWARDS
                Senior Trial Attorney
                Texas Bar No. 24041172

RSOL Case No. 0640-22-00018       Attorneys for Plaintiff