Case 5:21-cv-01155-OLG   Document 18   Filed 09/20/22   Page 1 of 8

DocuSign Envelope ID: FDDCCCB8-CDB3-4567-9480-D791B85E98B8

FILED
September 20, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
           DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS VETERAN SECURITY, LLC and<br>GERARD X. MORALES, Individually and Jointly,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   NO:   SA:21-CV-01155-OLG<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

Plaintiff has filed his complaint, and Texas Veteran Security, LLC, and Gerard X. Morales ("Defendants"), without admitting or denying that they have violated any provision of the Fair Labor Standards Act of 1938 ("FLSA" or "the Act") have agreed to the entry of judgment without contest. It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED that Texas Veteran Security, LLC, and Gerard X. Morales, their officers, agents, servants, employees, and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, as amended, 29 U.S.C. §§ 201, et seq., in any of the following manners:

1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less the minimum hourly rates required by Section 6 of the Act.

2.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce,

DocuSign Envelope ID: FDDCCCB8-CDB3-4567-9480-D791B85E98B8

within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve accurate records of the persons employed by them, and the wages paid, hours worked, and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

4. Defendants are enjoined from withholding minimum wages, overtime compensation, and/or liquidated damages in the total amount of $80,319.00, which is due to Defendants' employees named in Exhibit A and Exhibit B. The total amount includes back wages and liquidated damages. The amount to be paid to employees named in Exhibit A is for the period November 20, 2019, through July 17, 2021. The amount to be paid to employees named in Exhibit B is for the period July 7, 2021, through May 10, 2022. Defendants shall comply with this provision on or before November 1, 2022, by paying online through ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77705201.

5. Plaintiff shall make appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed and paid by Plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States. In the event Defendants do not pay the total amount of $80,319.00 by November 1, 2022, the total balance shall then become due and interest shall be

assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full. Any defaulted balance shall be subject to the assessment of collection fees, court costs, and administrative costs.

6. The right of Defendants' employees not specifically named in Exhibits A and B to bring an action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar an action and the statute of limitations in such action shall be governed by 29 U.S.C. §255(a). The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after May 10, 2022, for the employees named in Exhibit B and after July 17, 2021, for all other employees.

7. Defendants represent that as of the entry of this Consent Judgment, the Defendants are now in compliance with all aspects of the FLSA.

8. Defendants further represent that they have revised Texas Veteran Security, LLC's employee handbook to make it consistent with the requirements of the FLSA.

9. Defendants retained legal counsel with expertise in the FLSA's requirements and compliance to: (a) review Defendants' timekeeping and pay practices for compliance with the FLSA and (b) train Defendants' employees who are involved in paying employees and maintaining employee time records on the requirements of the FLSA. Defendants have provided the following to the U.S. Department of Labor, Wage and Hour Division, San Antonio District Office: (a) a report describing the substance of the compliance review, including the name and qualifications of the legal counsel who conducted the review, the dates of the review, the scope

of the review, and any changes that Defendants implemented as a result of the review; and (b) documentation of the employee training, including the name and qualifications of the person who provided the training, the dates of the training, the name and job title of each employee who received the training, the length of the training, and the topics covered in the training. Plaintiff's receipt of the report and documentation described in this paragraph shall not be interpreted as approval of the content of the policies and training or confirmation that Defendants' policies and training are in compliance with the FLSA or any other laws.

10. Each party agrees to bear his or her own attorneys' fees, costs, and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 20th day of September, 2022.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

TEXAS VETERAN SECURITY, LLC

By: _____
ALLISON HARTRY
Attorney
TX Bar No. 24083149
Email: ahartry@themoraleslawfirm.com

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

KARLA JACKSON EDWARDS
Counsel for Wage and Hour

By: _____
AMY S. HAIRSTON
Attorney
TX Bar No. 24027954
Email: hairston.amy.s@dol.gov

|  |  |
|---|---|
| Date: September 16, 2022 | LACEE CAITLYN EAKINS<br>Attorney<br>TX Bar No. 24121611<br>Email: eakins.lacee.c@dol.gov<br><br>Date: September 19, 2022 |
| Attorney for Defendants<br>The Morales Firm, P.C.<br>6243 W. Interstate 10, Suite 132<br>San Antonio, Texas 78210<br>Telephone: (210) 225-0811 | Attorneys for Plaintiff<br>U.S. Department of Labor<br>Office of the Solicitor<br>525 Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3100 |

By: *Gerard Morales* (DocuSigned)

GERARD X. MORALES AS PRESIDENT

Texas Veterans Security, LLC

Date: 9/19/2022

By: *Gerard Morales* (DocuSigned)

GERARD X. MORALES
Individual Defendant

Date: 9/19/2022

5

**Exhibit A to Consent Judgment**
**5:21-cv-01155**

1. Alvarado, Juan
2. Anders, Christopher
3. Atwell, Robert
4. Baldwin, Antwon
5. Bernard, Terry
6. Blanco, Thomas
7. Brown, Jackson
8. Brownlow, Dominique
9. Cabrera, Willie
10. Calbillo, Mario
11. Carrizales, Eddiejoe
12. Caverly, Leroy
13. Chandler, Dmonsha
14. Clark, Clinton
15. Coleman-Thomas, LeVance
16. Corarrubias, Chris
17. Deluna, Jesse
18. Enrique, Duque
19. Felts, Douglas
20. Flores, Daniel
21. Garcia, Christopher
22. Garcia, Dameion
23. Garcia, Kateo
24. Garcia, Vincente
25. Gonzales, Robert
26. Gonzales, Christopher
27. Gutierrez, Leroy
28. Hornady, Zach
29. Marble, Robert
30. Marino, Damyon
31. Martinez, Daniel
32. McGowen, Draven
33. Mechelke, Tresahn
34. Millican, Isaya
35. Mosmeyer, Stefan
36. Nino, Daniel
37. Olvera, Mark
38. Ozuna, Rudy
39. Perez, Aaron
40. Perez, Aerez
41. Perez, Andrew
42. Quiroz, Robert
43. Rand, Donald

**Exhibit A to Consent Judgment**
**5:21-cv-01155**

**Exhibit A to Consent Judgment**
**5:21-cv-01155**

44. Ricarte, Jeremy
45. Ricarte, Joshua
46. Rios, Vince
47. Sanchez, Fernando
48. Saylor, Brandon
49. Short, Ian
50. Smith, Dolton
51. Sotelo, Mario
52. Tabor, Aaron
53. Tabor, Seth
54. Tolbert, Justice
55. Torres, Robert
56. Toulon, Mieka
57. Toulon, Rama
58. Vasquez, Vicente
59. Villela, William
60. Washington, Shondell
61. Woodard, James

**Exhibit B to Consent Judgment**
**5:21-cv-01155**

1. Morales, Emily
2. Billiot, Cody